NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1227n.06

No. 11-6235

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 28, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff-Appellee | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| VERNON EARL OLDHAM | ) | |
| | ) | |
| Defendant-Appellant | ) | |
| | ) | |

BEFORE:  KEITH, MARTIN, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge.  Vernon Earl Oldham pled guilty to being a felon in possession of a firearm.  He now appeals his conviction, challenging the district court's denial of his motion to suppress the weapon.  The district court credited the testimony of two police officers that a search of Oldham was consensual and that, even if were not, the officers had reasonable suspicion to stop, and then to search Oldham.  Nothing in the record casts significant doubt on the veracity of the officers' testimony.  The district court properly denied Oldham's motion to suppress.

On February 23, 2011, at approximately 5:00p.m., Metro Nashville Police Department Officers Conrad Straub and Matthew Boguskie were investigating a vehicle accident when an elderly man got their attention.  The man informed the officers that there was an individual at a nearby intersection flagging down cars and asking for money.  The man stated that the individual "didn't look right" and had scared the man to the point where he rolled through the stop sign.  A few minutes

later, Officer Straub traveled to the intersection and saw Oldham approaching cars stopped at a four-way stop sign and knocking on their windows. Officer Straub parked his car at the intersection, exited his vehicle, and approached Oldham. Officer Straub asked Oldham to walk across the street to talk and Oldham complied. Officer Boguskie, arriving soon after, witnessed Officer Straub and Oldham crossing the street together. The officers noticed that Oldham reached for his pants pockets multiple times, and they repeatedly warned him not to do so. The officers asked for, and obtained, Oldham's consent to pat him down. In the course of the pat-down, Officer Boguskie discovered a sawed-off 12-gauge Savage Arms shotgun concealed in Oldham's waistband. At that point, the officers took Oldham into custody. A criminal history check later revealed that Oldham had previously been convicted of several felonies.

Oldham was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924. Oldham moved to suppress all evidence found as a result of the encounter, arguing that the officers found the evidence as a result of an illegal seizure and subsequent search. Oldham claims that Officer Straub grabbed Oldham's arm, forced it behind his back, and marched him across the street to the officer's patrol car. Oldham denies putting his hands in his pockets, claiming that he was merely trying to hold up his baggy pants, and denies giving the officers permission to pat him down. The district court held an evidentiary hearing on the motion, during which Officers Straub and Boguskie testified for the Government and Oldham testified on his own behalf.

The district court denied the motion to suppress. The district court credited the testimony of the officers at the hearing and their police reports, finding that Oldham willingly crossed the street with Officer Straub and consented to the pat-down search. The district court also found that the officers had reasonable suspicion to detain and pat down Oldham. Oldham then entered a conditional guilty plea, reserving the right to appeal the ruling on the motion to suppress. The district court sentenced Oldham to 60 months in prison, three months of supervised release, and a $100 assessment. Oldham now appeals the denial of his motion to suppress.

The district court did not commit clear error in crediting the officers' testimony that the encounter and pat-down search were consensual. Nothing in the officers' reports, in their testimony, or in any evidence contradicts their version of the events.

> There 'can virtually never be clear error' where the 'trial judge's finding is based on [her] decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence,' and where that finding is 'not internally inconsistent.'

*Brooks v. Tennessee*, 626 F.3d 878, 897 (6th Cir. 2010) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985)). The district judge credited the officers' testimony, which is uncontradicted by anything but Oldham's testimony. That determination cannot constitute clear error.

Oldham notes several minor inconsistencies in Officer Straub's testimony. However, they concerned insignificant issues, and the district court was entitled to disregard them. Whether Officer Straub questioned Oldham before they crossed the street or after has no bearing on whether Oldham consented to crossing the street. Likewise, while the question of whether Oldham was blocking

traffic may be relevant to whether the officers had reasonable suspicion, it is not relevant to the consent issue. Furthermore, Officer Straub's testimony on cross-examination that Oldham first reached for his pockets before rather than after crossing the street is neither inconsistent with the rest of his testimony, which does not specify the first time Oldham put his hands in his pockets, nor relevant to the consent question. Finally, Officer Boguskie's testimony confirms Officer Straub's testimony and Officer Boguskie's testimony is unchallenged. There is not enough in the record to cast serious doubt on either officer's testimony.

Accepting, as the district court properly did, the officers' version of the facts, the officers did not violate the Fourth Amendment. Oldham consented to crossing the street with the officers and consented to the pat-down search. Voluntary consent is an exception to the Fourth Amendment's search warrant requirement. *See Clemente v. Vaslo*, 679 F.3d 482, 489 (6th Cir. 2012). Whether consent was given voluntarily is determined by examining the totality of the circumstances, including the consenting individual's age, intelligence, and education; whether the individual understands his constitutional rights; the length and nature of any detention; and whether the police used any coercive or punishing conduct. *U.S. v. Collins*, 683 F.3d 697, 702 (6th Cir. 2012). In this case, the officers did not coerce or threaten Oldham. They did not use physical force or make any show of authority. Although Oldham has only an eighth-grade education, he is 27 years old and has had several previous interactions with law enforcement. After accepting the officers' testimony and examining the totality of the circumstances, the district court could properly find that Oldham voluntarily consented to the search.

For the foregoing reasons, we affirm the judgment of the district court.